UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Albert Russo
Standing Chapter 13 Trustee
3 AAA Drive – Suite 203
Robbinsville, NJ  08691
609-587-6888

In Re:

Kenneth J. Olewinski

Case No.: 18-31567

Chapter: 13

Hearing Date: 10/13/2021

Judge: Michael B. Kaplan, Chief Judge

# CHAPTER 13 TRUSTEE'S SUPPLEMENTAL OBJECTION TO MODIFIED PLAN

I, David A. Martin, Esquire, am a staff attorney in the office of the Standing Chapter 13 Trustee, Albert Russo.  As such, I am familiar with the above matter and have reviewed the court filings in the case, and certify as follows:

1. Debtor(s), Kenneth Olewinski, filed a voluntary Chapter 13 bankruptcy petition on October 30, 2018 in the District of New Jersey.

2. The case was confirmed by Order, dated May 16, 2019, and provided terms of  $250 x 36 starting 11/1/2018, 100% Plan[1].

3. The relevant terms of the Confirmed Plan provided for the payment of $0 in pre-petition mortgage arrears to U.S. Bank Trust/Caliber Home Loans while the debtor attempted to obtain a loan modification by July 31, 2019.

4. The Confirmed Plan also provided that the debtor would be responsible for making post-petition mortgage payments directly to U.S. Bank/Caliber.

---

[1] An amended Confirming Order, dated June 19, 2019, was entered by the Court to correct a clerical error made in the original Confirming Order.

5. On August 2, 2019, the debtor filed a Modified Plan after receiving a permanent loan modification from U.S. Bank/Caliber.

6. The debtor's Modified Plan was confirmed by Order, dated September 19, 2019, and provided terms of $2,500 paid to date, then $87 x 26 starting 9/1/2019, 100% Plan[2].

7. Once again, the debtor was responsible for making post-petition mortgage payments directly to U.S. Bank/Caliber in accordance with the terms of the permanent loan modification.

8. Thereafter, on January 31, 2020, a Motion for Relief was filed on behalf of U.S. Bank Trust/Caliber Home Loans.

9. A Certification was filed in support of the Motion for Relief asserting the debtor had missed four (4) post-petition mortgage payments and disclosing the suspense account balance that is comprised of partial post-petition mortgage payments.

10. Per the Motion for Relief, the debtor had accumulated $5,966.80 in post-petition mortgage arrears.

11. The debtor filed a Response in the form of a general opposition as to the allegations in the Certification of Default. Specifically, the debtor asserted that his wife got laid off from work, that she had recently returned to work, and proposed a payment plan to cure the arrears.

12. The Motion for Relief was subsequently resolved by a consent Order, dated March 18, 2020.

13. The consent Order included an updated status of the post-petition mortgage arrears, provided for the cure of said arrears by the debtor directly to Caliber Home Loans, and contained a default clause in the event the debtor failed to make any of the payments agreed upon.

14. The claim of U.S. Bank Trust/Caliber was subsequently transferred to Legacy Mortgage Asset Trust and a Notice of Transfer of Claim was filed on September 30, 2020

15. On January 29, 2021, the Trustee filed a Certification of Default based upon the failure of the debtor to comply with the terms of the plan in that all required payments to the Trustee were not made.

---

[2] A subsequent Modified Plan was confirmed, however the sole purpose of that Modified Plan was to surrender a 2014 Dodge Caravan.

16. The debtor filed a Response in the form of a general opposition as to the allegations in the Trustee Certification of Default. Specifically, the debtor advised that he was out of work for several weeks and his wife couldn't return to work while caring for their special needs child who was attending school remotely.

17. The Trustee's Certification of Default was subsequently resolved by consent Order, dated March 3, 2021, wherein the plan arrears were recapitalized under the following terms: $3,950 paid to date, then $177 x 8 starting 3/1/2021.

18. On June 9, 2021, the debtor filed a Modified Plan for the purpose of adding post-petition mortgage arrears to the plan and extending the term of the confirmed plan pursuant to the CARES Act.

19. The confirmation hearing on the Modified Plan is currently pending before this Court on October 13, 2021.

20. In the interim, the debtor reached a consent Order with Legacy Mortgage Asset Trust to memorialize its acceptance of the debtor adding post-petition mortgage arrears to the Modified Plan.

21. The consent Order with Legacy Mortgage Asset Trust, submitted to Chambers on September 17, 2021, provides for the capitalization of $20,775.38 in post-petition mortgage arrears through the Chapter 13 Plan. The consent Order also provides that the debtor will be responsible for making ongoing post-petition mortgage payments directly to SPS, Inc. and contains a default clause in the event the debtor fails to make any of the payments agreed upon.

22. The terms of the consent Order, including the capitalization of $20,775.38 in post-petition mortgage arrears, are being incorporated into proposed terms by the Trustee in connection with the confirmation hearing pending before this Court on October 13, 2021.

23. Notwithstanding, the Trustee argues that post-petition mortgage payments made by the debtor directly to a mortgagee pursuant to Section 1322(b)(5) constitute payments under the plan. *See* In re Heinzle, 511 B.R. 69 (Bankr. W.D.Tex. 2014); *see also*, In re Perez, 339 B.R. 385 (Bankr. S.D.Tex 2006), *aff'd*, 373 B.R. 468 (S.D.Tex 2007); In re Padilla, 365 B.R. 492, 502 (Bankr. E.D.Pa. 2007) ("Because a debtor's obligation to perform his post-petition contractual obligations is a statutory requirement for effecting a cure of a prepetition

delinquency under § 1322(b)(5), it is a misstatement to refer to a debtor's post-petition contractual payments as being 'outside the plan' … [Rather,] [i]t follows that a debtor's contractual post-petition payments are made pursuant to the plan, not outside the plan.")

24. Consequently, despite reaching a consent Order with Legacy Mortgage Asset Trust to capitalize post-petition mortgage arrears through the Chapter 13 Plan, the debtor is currently in default under the confirmed plan.

25. Furthermore, according to the records maintained by the Trustee, there have been approximately six (6) months since the commencement of the bankruptcy case wherein the debtor was at least one payment behind with his payment obligation to the Trustee per the confirmed plan.

26. It is noteworthy to mention that while the debtor's plan is currently confirmed with a 100% distribution to general unsecured creditors, only $1,452.27 total general unsecured claims have been filed and these claims have been paid in full. Thus, the case is essentially funding the required secured and priority claims.

27. pand mortgagee, as laid out above, the debtor's plan is no longer feasible as constituted.

28. For the foregoing reasons, the Chapter 13 Trustee requests the Court to enter an Order consolidating the debtor's payments, and directing that all future post-petition mortgage payments due during the pendency of the Chapter 13 Bankruptcy proceeding be made through the Chapter 13 Trustee using ePay, eWage, TFS or other electronic payment platform available to bankruptcy debtors. In the alternative, the Trustee requests dismissal of the Bankruptcy due to lack of feasibility.

I hereby certify that the information contained in this Certification is true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 09/21/2021

/s/ David A. Martin
Albert Russo, Standing Chapter 13 Trustee
By: David A. Martin, Esquire