# MINION & SHERMAN

#### ATTORNEYS AT LAW

Scott D. Sherman*
Stuart D. Minion†
----------------

*Member NJ, NY & PA Bar
†Member NJ & NY Bar

33 CLINTON ROAD
SUITE 105
WEST CALDWELL, NEW JERSEY 07006

Telephone:
973-882-2424

Facsimile:
973-882-0856

WRITER'S E-MAIL: ssherman@minionsherman.com

November 3, 2021

The Honorable Michael B. Kaplan
UNITED STATES BANKRUPTCY COURT
402 E. State Street
Trenton, New Jersey 08608

> **Re:**   **<u>Kenneth J. Olewinski</u>**
> **Bankruptcy Case No.:  18-31567 MBK**
>
> **Reply to Chapter 13 Trustee's Supplemental Objection to Modified Plan**
> **Hearing Date:  11/10/2021**

Dear Judge Kaplan:

This office represents Kenneth J. Olewinski, Debtor ("Debtor") in the above captioned Chapter 13 case. Please accept this letter in lieu of a more formal Reply to the Chapter 13 Trustee's Supplemental Objection to Modified Plan.

On June 9, 2021, Debtor filed a Modified Chapter 13 Plan under the "CARES Act" (See Document #113 on case docket). The primary reason Debtor filed a modified plan was because he had fallen behind with his post-petition mortgage payments. The reason Debtor had fallen behind was due to a significant drop in family income just after the Pandemic hit. Debtor's son, who is autistic, had to be home schooled during the pandemic while Debtor's wife was unable to work. Debtor's wife was also denied unemployment benefits during that period. Debtor's modified plan proposed to cure $21,621.97 in post-petition arrears through the plan while maintaining regular monthly payments to be paid directly to the mortgage company.

On June 15, 2021, the Chapter 13 Trustee filed an Objection to Debtor's Modified Plan (See Document #117 on case docket). The Trustee's Objected for three reasons:  **1**.  Debtor had

*Page Two*
*The Honorable Michael B. Kaplan*
*November 3, 2021*

not filed an amended I/J, **2.** Debtor had not provided proof of income and **3.** Debtor had not filed the required certification under the CARES Act.   No other issues were raised by the Chapter 13 Trustee. On July 21, 2021, Debtor filed Amended I/J with the court (Document #119 on case docket) and CARES Act Certification (Document #118 on case docket). Also on July 21, 2021, Debtor uploaded proof of income to the Chapter 13 Trustee.

On July 22, 2021, through written communication with the Chapter 13 Trustee's office as well as notes posted on the Chapter 13 Trustee's Disposition list, we had confirmed that the only outstanding issue was that the trustee required an order consistent with the modified plan reflecting the addition of the post-petition arrears to be paid through the plan. The July 28, 2021, confirmation hearing was adjourned to September 8, 2021, to allow time for the Debtor and Mortgage company to get an order in place. On August 3, 2021, we did confirm with creditor's counsel, Denise Carlon, Esq., that the mortgage company was ok with the post-petition arrears being paid through the plan and she was preparing an order for approval by her client.

The September 8, 2021, hearing was further adjourned to October 13, 2021, as counsel for the mortgage company was still waiting for final approval of the proposed order dealing with the Post-Petition Arrears. That approval finally came and on September 17, 2021, a Consent Order was submitted to the court by way of Application for Entry (Document #120 on case docket). The Chapter 13 Trustee was served with the Application. No Objections were filed and on September 27, 2021, this court entered the Consent Order (Document #122 on case docket). The Consent Order was consistent with the Modified Plan that had been pending since June 9, 2021, which had post-petition arrears to be paid through the plan (although the actual amount was slightly less than was Debtor had estimated). The Consent Order also provided that regular monthly mortgage payments would be paid directly to the mortgage company according to the terms of the note and mortgage, also consistent with the modified plan and consistent with how regular monthly mortgage payments have been historically handled in the District of New Jersey in Chapter 13 cases for 30+ years. Again, this order was not objected to by the Chapter 13 Trustee, and the Court, after consideration, approved and entered the order.

On September 22, 2021, The Chapter 13 Trustee filed a Supplemental Objection to Debtor's June 9, 2021, Modified Plan (Document #121 on case docket). With the issues raised by the Trustee in the Trustee's June 15, 2021, Objection having been satisfied, the trustee, for the first time, takes the position, without any authority, that Debtor's regular monthly mortgage payments, during the pendency of this Chapter 13 Case, be paid directly to the Chapter 13 Trustee. It should be noted that the Chapter 13 Trustee has been aware of the Debtor's Modified plan since June 15, 2021, and its proposal to pay post-petition arrears through the plan and regular payments directly to the mortgage company. The Trustee had never raised this type of objection or made such a request prior to September 22, 2021, despite no new facts arising in the

*Page Three*
*The Honorable Michael B. Kaplan*
*November 3, 2021*

case since the June 15, 2021, modified plan was filed, and all issues raised in the trustee's original objection having been satisfied and this court having already approved the payment of regular monthly mortgage payments directly to the mortgage company by order entered on September 27, 2021.

The legal authority cited by the trustee merely stands for the proposition that regular monthly mortgage payments made by a Debtor directly to a mortgage company are being made under or pursuant to the plan. That is not something that has been in dispute or is frankly even controversial. While sometimes counsel for both the Debtor, Mortgage company and even the Chapter 13 Trustee will refer to payments made direct to mortgage company as being "outside the plan", that has never been taken to mean that these payments are not being paid pursuant to the plan. Failure to make those direct payments can result in the dismissal, conversion, or denial of discharge.

On behalf of Debtor, we strongly urge this court to overrule the Chapter 13 Trustee's Supplemental Objection and confirm Debtor's Modified Chapter 13 Plan. As Debtor's case will likely last another 4 ½ years the cost to Debtor for this court to adopt a conduit payment scheme in this case may be upwards of between $7,500.00 to $10,000.00, effectively, and arbitrarily imposing a substantial penalty on the Debtor who has nominal disposable income as it is after making his trustee payment.

I would direct this court to the analogous case of In Re Stonier, 417 B.R. 702 (Bank. M.D. Pa 2009). As in the case before the court the trustee in the Stonier case was looking for the Debtor to pay regular monthly mortgage payments directly to the trustee through a conduit payment scheme. As in the case before the court one of the cases that the trustee in Stonier was relying on was the Perez case out of the Southern District of Texas. 339 B.R. 385 (Bankr. S.D. Tex.), aff'd, 373 B.R. 468 (S.D. Tex 2007). The judge in the Stonier case ultimately denied the Trustee's conduit payment request. The Stonier court noted that in Perez the court was dealing with a local bankruptcy rule in the Southern District of Texas which required monthly mortgage payments to be made through the trustee. Stonier, 417 B.R. 702, 705. It should be noted that the Bankruptcy Court in the Southern District of Texas, pursuant to that local rule, has adopted longstanding published Uniform Procedures for Administration of Home Mortgage payments as I suspect other conduit jurisdictions do. As in the Stonier case, no such local rule existed in the Middle District of Pennsylvania and no such Local Rule exists in the District of New Jersey. Id.

In the Stonier case the court noted that historically, in Chapter 13, post-petition mortgage payments have been made directly to the mortgage company, "outside the plan". Id at 706. The same is true in the District of New Jersey for over 30 years. There has been no suggestion by the

*Page Four*
***The Honorable Michael B. Kaplan***
*November 3, 2021*


Trustee that this system has been abused and is otherwise not working. Further, in this case as in the Stonier case, the secured creditor has consented to the proposed plan treatment and direct mortgage payments by the Debtor. Id. 706-707. That agreement was never objected to by the trustee and in fact that agreement was approved by this court by order dated September 27, 2021.

For the above stated reasons, we strongly urge this court to overrule the Chapter 13 Trustee's Supplemental Objection and confirm Debtor's Modified Chapter 13 Plan. As Debtor's case will likely last another 4 ½ years the cost to Debtor for this court to adopt a conduit payment scheme in this case may be upwards of between $7,500.00 to $10,000.00, effectively, and arbitrarily imposing a substantial penalty on the Debtor who has nominal disposable income as it is after making his trustee payment and making it less likely rather than more likely that Debtor will successfully complete his plan.

Respectfully Submitted,
*/s/ Scott D. Sherman*
Scott D. Sherman

SDS/ss
**cc:    Albert Russo, Standing Chapter 13 Trustee (Via Email and ECF)**
**David A. Martin, Esq. (Via Email and ECF)**
**Denise Carlon, Esq. (Via Email and ECF)**